February 27, 1909. The opinion of the Court was delivered by
The defendant, W.T. Jones, being imprisoned in the jail of Union county on the charge of murder, obtained from Judge Hydrick a writ of habeascorpus. The return was heard on 25th July, 1908, and on the 28th July, Judge Hydrick filed an order refusing bail. No notice of the order was served, but on 10th August, 1908, defendant's counsel served notice of intention to appeal to the Supreme Court from the order refusing bail, and on the 8th September, 1908, served on the solicitor the proposed case for appeal. The Court of General Sessions for Union county convened on 8th September. After arraignment, and demand by defendant's counsel of the three days allowed by law, the trial was set for 11th September, 1908. In the meantime, on the application of defendant's counsel, made without notice to the solicitor, the Chief Justice had passed an order dated 9th September, 1908: "That the trial of the prisoner now attempted to be held in the Circuit Court shall cease until the Supreme Bench of South Carolina shall pass upon the rights of the appeal presented by the prisoner, and that in the meanwhile the Circuit Court shall suspend any action looking to the trial of the accused until the Supreme Court has acted."
On Friday, 11th September, 1908, when the cause was called for trial in the Circuit Court, the order of the Chief Justice was presented and Honorable J.C. Klugh, the presiding Judge, out of respect for the order, continued the cause. Thereafter, the State appealed from the order of the Chief Justice. Section 107 of the Criminal Code provides: *Page 166 
"An appeal from all final decisions rendered on applications for writs of habeas corpus shall be allowed as is provided by law in civil actions." State v. Hill, 3 Brev., 90;State v. Holmes, 3 Strob., 272; Ex parte Kottman, 2 Hill, 363; Ex parte Smith, 8 S.C. 512.
The sole object of an application for bail under a writ ofhabeas corpus is to release the accused from prison until the day of trial. Whether bail be granted or improperly denied, the function of the writ is at an end when the day of trial arrives. So also the only effect of a reversal on appeal of the order denying bail would be to give the accused bail until the day of trial arrives, when it would end. Hence, if the day of trial arrives before the appeal is heard, and decided, the necessary result is to end the appeal. For this reason, the order of the Chief Justice was reversed by the order of this Court already filed.
THE CHIEF JUSTICE did not sit, being disqualified.